IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROLLY O'DELL KINNELL,**<br><br>             **Plaintiff,**<br><br>v.<br><br>**COURTS, et al.,**<br><br>             **Defendants.** | **Case No. 16-cv-04187-DDC-KGS** |

## ORDER

On February 10, 2017, Magistrate Judge K. Gary Sebelius issued a Report and Recommendation (Doc. 9), recommending dismissal of this lawsuit under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because it is frivolous and fails to state a claim upon which relief may be granted.

As Judge Sebelius explained, his Report and Recommendation provided plaintiff with the right to file objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, within 14 days after service. Doc. 9 at 8. He also advised plaintiff that failing to make a timely objection to the Report and Recommendation would waive any right to appellate review of the proposed findings of fact, conclusions of law, and recommended disposition. *See id.* (explaining that "[i]f no objections are timely filed, no appellate review will be allowed by any court"). The Clerk sent a copy of the Report and Recommendation to plaintiff by both regular and certified mail. *See* Docket Entry for Doc. 9 ("Copies of this order were sent to plaintiff by both regular mail and by certified mail (tracking no. 7010 2780 1927 7437).").

1

Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). "Mailing" occurred on February 10, 2017, when the Clerk mailed the Report and Recommendation to plaintiff. *See* Doc. 9. The time for plaintiff to file objections to the Report and Recommendation thus has expired.

On February 14, 2017, plaintiff filed a document he titled "Notice of Invalid Procedure." Doc. 10. In this Notice, plaintiff states:

> I filed for three Judge Court and accept this order as subterfuge settlement out of court. I take on all Trump selections as void. His debate conduct voided Election on technicality. $60 trillion.
> Was refused: Take judicial notice of procedure previously on file.
> Demand presence of DOJ. L. Lynch as witness in the above uses filed before election to recall.

*Id.* The court construes plaintiff's reference to "this order," as referring to Judge Sebelius's Report and Recommendation. The court thus understands plaintiff's Notice of Invalid Procedure as a timely objection to that Report and Recommendation.

Because plaintiff has objected to Judge Sebelius's Report and Recommendation, the court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After making this determination, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

For the Report and Recommendation to be "properly objected to," plaintiff's objection must "be both timely and specific." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *Id.* If plaintiff fails to make such a proper objection, then he fails to preserve the objection for appellate review. *Id.*

As explained above, plaintiff's objection was timely, so the court need only consider whether his objection is sufficiently specific to warrant de novo review of Judge Sebelius's Report and Recommendation. Because plaintiff brings this lawsuit pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court cannot assume the role of plaintiff's advocate and plaintiff's pro se status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Nor is plaintiff relieved from complying with the rules of the court or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Here, and liberally construing plaintiff's Complaint, the court agrees with Judge Sebelius's conclusion that plaintiff's Complaint is frivolous and fails to state a claim. Plaintiff's only objection to Judge Sebelius's Report and Recommendation appears to be that a three-judge court did not issue it. But plaintiff provides no basis—in either his Complaint or objection—for assigning a three-judge court. *See Blaurock v. Kansas*, No. 12-3066-SAC, 2012 WL 6681876, at *1 (D. Kan. Dec. 21, 2012) (explaining that a three-judge court is not available under 28 U.S.C. § 2284 "where no Act of Congress requires a panel of three district court judges to review the allegations set forth in [the] plaintiff's . . . complaint, and [the] plaintiff is not challenging the constitutionality of the apportionment of congressional districts or any state legislative body").

3

The court thus agrees with Judge Sebelius and accepts, adopts, and affirms his Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED THAT** plaintiff's Notice of Invalid Procedure (Doc. 10) is overruled and the court adopts Judge Sebelius's Report and Recommendation (Doc. 9) in its entirety, and dismisses this action.

**IT IS SO ORDERED.**

**Dated this 16th day of March, 2017, at Topeka, Kansas**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**